IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kisha Marie Davis, | ) | Civil Action No. 2:15-3043-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Medical University of South Carolina Physicians, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's amended motion to dismiss be granted. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses this action.

I. **Background**

In 2014, Plaintiff, proceeding *pro se*, brought suit alleging that while employed with Defendant, she was passed over for a promotion because of her age and race. *Davis v. MUSC-Physicians*, Civ. No. 2:14-3152-MGB (the "2014 Lawsuit").[1] She also brought claims of retaliation, disability discrimination, and interference with rights provided by the Family and Medical Leave Act. While cross-motions for summary judgment were pending in that action, Plaintiff filed the present action, which restates the FMLA claim she brought in 2014,[2] in response to Defendant's motion for summary judgment, in which Defendant argued that it was not clear that

---

[1] The 2014 Lawsuit is a consolidation of two cases, *Davis v. MUSC-Physicians*, Civ. No. 2:13-2544-WWD & *Davis v. MUSC-Physicians*, Civ. No. 2:14-3152-MGB, and proceeded before the Magistrate Judge with the consent of the parties.

[2] The complaint may be construed also to assert Americans with Disabilities Act ("ADA") claims. (*See* R. & R. 11.) Those claims were also asserted and fully adjudicated in the 2014 Lawsuit. Thus, construing the complaint as also asserting ADA claims makes no difference to the analysis of this action as duplicative of and precluded by the 2014 Lawsuit.

-1-

Plaintiff had alleged FMLA claims in her initial filing. Mot. Consol., 2014 Lawsuit, Dkt. No. 24 at 4–5.

On March 29, 2016, the Court granted summary judgment in favor of Defendant on all claims in the 2014 Lawsuit. Order, 2014 Lawsuit, Dkt. No. 94. That judgment fully adjudicated Plaintiff's FMLA claims, and is currently pending on direct appeal. Defendant has now moved to dismiss the present action, which Plaintiff admits is a restatement of her FMLA claims from the 2014 Lawsuit, as a duplicative action and because of *res judicata* (Defendant amended the motion to dismiss to assert *res judicata*). On July 28, 2016, the Magistrate Judge recommended that Defendant's amended motion to dismiss be granted. (Dkt. No. 32.) Plaintiff has filed no objections to the Report and Recommendation.

## II.   Legal Standard

### A.   Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not

required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B.     Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. Duplicative Action

Generally, a federal suit may be dismissed "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting that although there is no specific rule regarding federal cases, "the general principle is to avoid duplicative litigation"). Duplicative claims include those in which there are no significant differences between the claims, parties, and available relief in the two suits. *Serlin*, 3 F.3d at 223. In this action, Plaintiff asserts claims that she asserted in the 2014 Lawsuit, arising from facts that she alleged in the 2014 Lawsuit, against the same Defendant as in the 2014 Lawsuit. The 2014 Lawsuit is currently pending in another federal court (the United States Court of Appeals for the Fourth Circuit). The Court therefore adopts the Magistrate Judge's recommendation that this action be dismissed as duplicative of the 2014 Lawsuit.

#### B. Res Judicata

"Res judicata, or claim preclusion, bars re-litigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). The elements of *res judicata* are: 1) a final judgment on the merits in a prior suit; 2) an identity of the cause of action in both the earlier and the later suit; and 3) an identity of parties or their privies in the two suits. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000).

There is, indisputably, identity of the parties and the cause of action in both this action and the 2014 Lawsuit. Plaintiff herself states that she filed this action in case the merits of her FMLA claim were not reached in the 2014 Lawsuit. Mot. Consol., 2014 Lawsuit, Dkt .No. 24 at 4–5. But that FMLA claim reached it the 2014 Lawsuit—it was adjudicated on the merits in the order

-4-

granting summary judgment to the defendant. (2014 Lawsuit, Dkt. No. 94 at 22–24.) An order granting summary judgment is a final judgment for purposes of *res judicata*. *Shroup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989). The fact that the order is on appeal does not affect the application of *res judicata*. *See Guinness PLC v. Ward*, 955 F.2d 875, 898 (4th Cir. 1992). The Court therefore adopts the Magistrate Judge's recommendation that this action is precluded by *res judicata*.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 32) as the Order of the Court, **GRANTS** the amended motion to dismiss (Dkt. No. 27), and **DISMISSES** this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 17, 2016
Charleston, South Carolina